IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00079-PAB

RITA K. DINES,

    Plaintiff,

v.

ANDREW M. SAUL,[1] Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on the Complaint [Docket No. 1] filed by plaintiff Rita Dines on January 11, 2019. Plaintiff seeks review of the final decision of the defendant (the "Commissioner") denying her claim for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).[2]

**I. BACKGROUND**

On July 9, 2014, plaintiff applied for social security benefits under Title II of the Act. R. at 26. Plaintiff alleged a disability onset date of April 18, 2014. *Id.* After her claims were initially denied on September 9, 2014, plaintiff requested a hearing before

---

[1] On June 4, 2019, Mr. Saul was confirmed as Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul will be substituted as defendant for Nancy A. Berryhill, former Acting Commissioner of Social Security.

[2] The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

an administrative law judge ("ALJ"), which was held on March 8, 2016. *Id.*

On May 25, 2016, the ALJ issued a decision denying plaintiff's claim. R. at 24. The ALJ found that plaintiff had not engaged in substantial gainful activity since the application date and had the following severe impairments: degenerative disc disease with congenital spinal stenosis at the lumbar and cervical levels. R. at 29. The ALJ concluded that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, or 404.1526. R. at 30. The ALJ additionally determined that plaintiff has non-severe depression. R. at 29. Ultimately, the ALJ concluded that plaintiff had the residual functional capacity ("RFC") to perform light work with the following qualifications:

> the claimant can stand and or walk four to six hours in an eight-hour workday, she can sit up to six hours in an eight-hour workday with the ability to change postures on an hourly basis. She can push and or pull with the upper and lower extremities within the light exertional level. She cannot climb ladders, ropes, or scaffolds. She can climb stairs or ramps occasionally, never balance, and can only occasionally stoop, bend, crouch or crawl. She should avoid concentrated exposure to temperature extremes, vibrations, and no exposure to unprotected heights or unprotected major manufacturing machinery. She can perform work at the semi-skilled level.

R. at 30. The ALJ determined that plaintiff was unable to perform any past relevant work, R. at 35, but found that jobs existed in significant numbers in the national economy that plaintiff could perform. R. at 36.

On December 14, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's decision. R. at 1. Accordingly, the ALJ's decision is the final decision of the Commissioner.

## II. STANDARD OF REVIEW

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III. THE FIVE-STEP EVALUATION PROCESS

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous

period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional

capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987).  While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts."  *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

## IV. DISCUSSION

Plaintiff raises two objections to the ALJ's order: (1) the ALJ incorrectly determined plaintiff's RFC and (2) the Commissioner failed to meet his burden at step five.  The Court finds that there is substantial evidence in the record for the ALJ's conclusions.

The ALJ first determined that plaintiff's medical impairments could cause the alleged symptoms, just not at the intensity, persistence, or limiting effects that plaintiff alleged.  R. at 31.  The ALJ gave great weight to Dr. James Bee's opinion that plaintiff was getting better after her back surgery.  R. at 32.  As plaintiff's surgeon and treating doctor, "he was in the best position to assess her capabilities and her progress post-surgery."  *Id.*  The ALJ noted that Dr. Bee released plaintiff to work, without restrictions, after her three-month check-up.  *Id.*  The ALJ also found that plaintiff had been attending physical therapy, which plaintiff claimed was helping.  R. at 33.  In August, 2015, plaintiff felt that she was improving and could soon get back to work.  *Id.*

Plaintiff primarily points to two opinions regarding her physical state to

demonstrate that the ALJ's decision was not supported by substantial evidence: (1) the hearing testimony of Dr. Stephen Goldstein and (2) the post-hearing opinion of Dr. James Rennell.  Docket No. 16 at 23.  Plaintiff also argues that the fact that Dr. Bee was willing to order a functional capacity examination demonstrates that she was, in fact, not improving.  *Id.* at 29.

The post-hearing opinion of Dr. Rennell is not properly before the Court.  While social security regulation 20 C.F.R. § 404.970(b) permits a claimant to submit new and material evidence to the Appeals Council when seeking review of an ALJ's decision, the evidence must "relate[] to the period on or before the date of decision."  *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).  If the evidence is material, and from the relevant time period, a reviewing court must consider the evidence during its review.  *Id.* at 858-89.  Dr. Rennell evaluated plaintiff on June 16, 2016.  R. at 21.  Plaintiff's hearing was held on March 8, 2016 and the ALJ issued a decision denying plaintiff's claim on May 25, 2016.  R. at 24, 26.  As a result, Dr. Rennell's evaluation occurred months after the hearing and the ALJ's decision.  Therefore, Dr. Rennell's evaluation does not "relate[] to the period on or before the date of decision," and is not properly before the Court.  *O'Dell*, 44 F.3d at 858.

Additionally, Dr. Bee's willingness to order a functional capacity examination says nothing about his medical opinion that plaintiff was improving and could go back to work.  This comment was in reference to plaintiff's statement that she might be submitting a claim for disability benefits: "I have returned her to work without definitive restrictions.  She states she may have to undergo medical evaluation for possible

disability.  If this is the case, we will get her in for a functional capacity evaluation.  I will see her back in 3 months' time to check on her progress." R. at 306.  In context, this says nothing of plaintiff's physical limitations; it is merely a statement that Dr. Bee would be willing to schedule plaintiff for a functional capacity evaluation if she so requested.

Plaintiff is correct that Dr. Goldstein testified that plaintiff could work at a less than sedentary level and that he did not see "how after surgery she would be able to do light activities."  R. at 59.  However, the ALJ did not ignore Dr. Goldstein's testimony, but, rather, chose to give it little weight because it was "unsupported by the records." R. at 35.  Specifically, the ALJ concluded that Dr. Goldstein's opinion contradicted the evidence in the record that demonstrated that plaintiff was improving.  *Id.*

The record demonstrates that the ALJ was justified in his RFC determination and that there is substantial evidence to support it.  Numerous reports in the record show that plaintiff was improving, including the report of Dr. Bee who was plaintiff's surgeon and treating physician.  R. at 306, 351, 376, 460-63, 416-17, 421, and 428.  Dr. Bee's opinion is entitled to controlling weight, as it is not inconsistent with other evidence in the record and there is no allegation that it was not "supported by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1527(c)(2).  The ALJ thus properly discounted Dr. Goldstein's opinion, which was the only opinion claiming that plaintiff was not improving and could not work.  Plaintiff's primary care physician stated that plaintiff herself felt that she was "improving and getting close to getting back to work."  R. at 421.  The Court thus finds that the ALJ's conclusion as to plaintiff's

7

physical state is supported by substantial evidence.

Plaintiff argues that the ALJ failed to properly account for her mental limitations. Plaintiff points to the opinion of Dr. Terry Jones, who stated that plaintiff has suicidal ideation, a significant level of anhedonia,[3] and appeared "markedly depressed." R. at 367-69. But, as the ALJ pointed out, except for this account, there was a "lack of reporting of such symptoms." R. at 35. Other than Dr. Jones' opinion and one reference by Dr. Waite, the rest of the record is devoid of any mention of mental limitations, and plaintiff even appears to deny being depressed. R. at 421, 426, 431, 441, 446, 450, 458, and 462 (noting that plaintiff had "appropriate mood and affect"). The Court finds there is substantial evidence for the ALJ's conclusion as to plaintiff's mental limitations.

Plaintiff argues that the Commissioner did not meet her burden at step five. However, plaintiff's argument is merely a reformulation of her RFC contention, arguing that the available jobs did not include her "pain disorder and major depression." Docket No. 16 at 35. In other words, plaintiff argues that the step five analysis is flawed because the RFC analysis is flawed.

At step five, the Commissioner must demonstrate that there are alternative jobs in the national or regional economy in significant numbers that are within the claimant's RFC. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.966(a)-(b). The Commissioner does not need to provide additional medical evidence at step five, *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004), but does need to consider the level of pain, "even if not

---

[3] Anhedonia is the inability to experience pleasure.

disabling," when determining what jobs are available to the claimant. *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993).

The Court finds that the Commissioner met his burden. This is not a case where the Commissioner "ignored completely" plaintiff's pain. *Id.* at 1491. Or one where a vocational expert should have been called but was not. *Id.* at 1490. Indeed, the ALJ specifically noted that, had plaintiff had the capacity to "perform the full range of light work," a finding of "not disabled" would be automatically required by Medical-Vocational Rule 202.14. R. at 36. But plaintiff did not have such a RFC. The ALJ asked the vocational expert to consider a claimant who had to change postures every hour, who could not climb, and would only occasionally stoop, bend, or crouch. R. at 74. While the ALJ could have been more explicit that she was considering plaintiff's pain, the limitations and hypothetical questions proposed to the vocational expert demonstrate that the ALJ was considering plaintiff's pain in determining alternative available jobs. Even if this was error, it would be harmless, as the vocational expert named three jobs where plaintiff could sit or stand to alleviate her pain. R. at 77.

In any event, plaintiff does not argue that the job numbers are insignificant. Both the Tenth Circuit and another court in this district have declined to find that the Commissioner has failed to meet his burden when the plaintiff has not alleged that alternative jobs do not exist in significant numbers. *See Botello v. Astrue*, 376 Fed. App'x 847, 850-51 (10th Cir. 2010); *Ghini v. Colvin*, 82 F. Supp. 3d 1224, 1234-35 (D. Colo. 2015). Here, the plaintiff does nothing more than argue that the RFC was incorrect, which the Court already affirmed as having substantial evidence. The

numbers are "more than sufficient" to meet the Commissioner's burden at step five. *Ghini*, 82 F. Supp. 3d at 1234.

## V.  CONCLUSION

For these reasons, it is

**ORDERED** that the decision of the Commissioner that plaintiff is not disabled is **AFFIRMED**.

DATED June 1, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge